Darrell Gene BLACKBURN,
Petitioner-Appellant,

v.

Armond CROSS, Chairman and Commissioners, Probation & Parole Commission, State of Florida, Respondents-Appellees.

No. 74–2333.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1975.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion April 2, 1975, 5 Cir. 1975, 510 F.2d 1014).

Before MORGAN and CLARK, Circuit Judges, and GORDON, District Judge.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORN- BERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

CLARK, Circuit Judge with whom Gee, Circuit Judge joins (dissenting).

I respectfully dissent from the circuit's refusal to rehear this case en banc. Our panel was bound to follow Wingate v. Wainwright, 464 F.2d 209 (5th Cir. 1972). The en banc court is not and should not.

*Wingate* mistakenly extends Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In *Ashe* the court refused to permit the relitigation of a single ultimate fact—whether defendant committed the robbery of six men at a card game. Having been acquitted of robbing one card player, Ashe could not be retried for the same robbery as to another player.

*Wingate* expands *Ashe's* holding beyond double jeopardy, beyond collateral estoppel, and beyond ultimate fact to bar the use of probative evidence about a wholly separate event. Collateral estoppel has never been held to go so far in any civil or criminal context. By asserting it should, we do no less today than stand the double jeopardy clause on its head.

Recurrence to the simple, direct wording of the constitution " . . . nor shall any person be subject *for the same offence* to be twice put in jeopardy of life or limb" best demonstrates the error of this judicial embroidery. To compound the error, the principle of *Wingate* must be given retroactive effect.